**No. 25-3260**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————————

United States of America

Plaintiff-Appellee

v.

Leonardo Espinoza-Romero

Defendant-Appellant

————————————

On appeal from the United States District Court
for the District of Idaho
No. 1:24CR00155-003
Honorable Amanda K. Brailsford

**Opening Brief
Defendant-Appellant Leonardo Espinoza-Romero**

Sarah Tompkins
226 S. Straughan Ave.
Boise, ID 83712
(509) 844-7050
sarah.tompkins@hotmail.com
Attorney for Leonardo Espinoza-Romero

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................. 4

ISSUE PRESENTED ........................................................................................ 6

    Did the district court err in finding that the safety valve provisions of 18 U.S.C. § 3553(f) did not apply in this case? ....................................... 6

STATEMENT OF JURISDICTION AND DETENTION .............................................. 7

STATEMENT OF THE CASE ............................................................................. 8

STANDARD OF REVIEW ............................................................................... 16

ARGUMENT ............................................................................................... 17

**This Court should vacate Mr. Espinoza-Romero's sentence because the trial court erred in its determination that the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. 5C1.2(a) did not apply** ...................... 17

    1.  **General legal standards** .............................................................. 17

    2.  **The district court erred in failing to make adequate inquiry and findings regarding the applicability of 18 U.S.C. 3553(f) and U.S.S.G. 5C1.2(a), and in finding that Mr. Espinoza-Romero did not qualify for safety valve relief** ...................................................... 20

CONCLUSION ............................................................................................. 24

STATEMENT OF RELATED CASES ................................................................ 26

CERTIFICATE OF SERVICE .......................................................................... 288

# TABLE OF AUTHORITIES

CASES

*United States v. Bastidas*, 658 Fed.Appx. 878 (9th Cir. 2016) ....................16

*United States v. Mejia-Pimental*, 477 F.3d 1100 (9th Cir. 2007) .................16

*United States v. Real-Hernandez*, 90 F.3d 356 (9th Cir. 1996)...................20

*United States v. Salazar*, 61 F.4th 723 (9th Cir. 2023)........................... 17, 18

*United States v. Scheu*, 83 F.4th 1124 (9th Cir. 2023) ...............................16

*United States v. Shrestha*, 86 F.3d at 935 (9th Cir. 1996).................... 19, 23

STATUTES AND COURT RULES

18 U.S.C. § 3231..............................................................................................7

18 U.S.C. § 3553(f).................................................................................. *passim*

28 U.S.C. § 1291..............................................................................................7

F.R.A.P. 4 .........................................................................................................7

U.S.S.G. 5C1.2(a)..................................................................................... *passim*

U.S.S.G. 5K1.1................................................................................................19

### INTRODUCTION

Leonardo Espinoza-Romero pleaded guilty to conspiracy to distribute methamphetamine. The presentence report in this case found that Mr. Espinoza-Romero likely qualified for "safety valve" relief from mandatory minimum sentencing under 18 U.S.C. § 3553(f) and U.S.S.G. 5C1.2(a). However, the trial court made minimal inquiry into whether Mr. Espinoza-Romero was eligible for "safety valve" relief from his mandatory minimum sentence during the sentencing hearing. The trial court merely asked the government whether Mr. Espinoza-Romero had truthfully provided evidence concerning his offense, to which the government argued he had not. From this, the trial court found that Mr. Espinoza-Romero "has not provided the Crawford information under 5C1.2(a)". Following this finding by the trial court, the trial court sentenced Mr. Espinoza-Romero to 120 months.

Mr. Espinoza-Romero timely appeals and asserts that the trial court erred at sentencing when it found that the criteria for sentencing relief under 18 U.S.C. § 3553 had not been met. The record in this case reveals no express claim that Mr. Espinoza-Romero had provided

incomplete or untruthful information in connection with his admissions at the change of plea and sentencing hearings, nor that there was additional relevant or useful information that had been withheld. Because this safety valve provision can be met at a point in time up to and including the sentencing hearing, Mr. Espinoza-Romero respectfully submits that the trial court erred when it failed to determine whether the criteria for safety valve relief was met—in view of both Mr. Espinoza-Romero's admissions in connection with his entry of guilty plea and his admissions during the sentencing hearing.

.

**ISSUE PRESENTED**

Did the district court err in finding that the safety valve provisions of 18 U.S.C. § 3553(f) did not apply in this case?

**STATEMENT OF JURISDICTION AND DETENTION**

The district court held original jurisdiction because Mr. Espinoza-Romero was charged with a federal criminal offense. *See* 18 U.S.C. § 3231. This Court possesses jurisdiction over a final judgment and sentence. *See* 28 U.S.C. § 1291. Mr. Espinoza-Romero's appeal is timely because his judgment was filed on May 14, 2025 (1 – ER - 2), and his Notice of Appeal was filed seven days later on May 21, 2025 (2 – ER - 77). *See also* F.R.A.P. 4(b)(1)(A).

Mr. Espinoza-Romero is detained at FCI Sheridan in Oregon.[1] His estimated release date is October 19, 2032; he was sentenced to 120 months. (1 – ER - 3)

---

[1] *See* Bur. of Prisons, *Inmate Locator* (available at https://www.bop.gov/inmateloc/). Mr. Espinoza-Romero can be looked up by either his name or register number, 20540-511.

## STATEMENT OF THE CASE

Leonardo Espinoza-Romero was one of five defendants charged in connection with a criminal conspiracy to distribute methamphetamine. The charges that were levied against Mr. Espinoza-Romero emerged from a broader investigation into the Perez drug trafficking organization—a group that law enforcement believed was engaged in trafficking operations in Idaho, Arizona, and Mexico. (PSR – 24.)

Through a series of controlled drug buys, traffic stops, and other means, law enforcement eventually seized 22 pounds of methamphetamine and one-half pound of cocaine. However, for the 24 separate incidents of controlled drug buys and other drug seizures that were documented as part of the criminal conspiracy, Mr. Espinoza-Romero was only alleged to have been involved in one incident. (PSR – 25-26.)

Mr. Espinoza-Romero came to the attention of police during an intercepted phone conversation between himself and Oscar Alejandro Perez-Gomez (the alleged leader of the Perez drug organization). (PSR -

27) Mr. Perez-Gomez indicated on this call that he was out of methamphetamine and needed to locate a supplier. *Id.* Mr. Espinoza-Romero apparently knew someone who might be able to replenish Mr. Perez-Gomez's supply. *Id.* To that end, Mr. Espinoza-Romero, his wife and three children, and another individual accompanied Mr. Perez-Gomez to Arizona. *Id.* The group travelled in two separate vehicles: Mr. Espinoza-Romero and his family were in one car, while Mr. Perez-Gomez and another alleged co-conspirator (Patrick Delacruz) were in the other. *Id.*

Police tracked both cars as they made the trip to Phoenix, Arizona and back to Idaho. (PSR – 27.) Shortly after crossing into southern Idaho, marked police cars attempted to stop the vehicles. *Id.* Mr. Espinoza-Romero was pulled over and arrested without incident. No drugs or items of evidentiary value were found inside his car. However, the same could not be said for the car containing Mr. Perez-Gomez and Mr. Delacruz. *Id.*

Apparently, a high-speed chase ensued when police tried to stop Mr. Perez-Gomez. As he and Mr. Delacruz tried to evade police, they

were seen tossing bags filled with methamphetamine out of the car window. According to the presentence report, "[s]ome of the bags were open, and methamphetamine spilled onto the roadway and into their vehicle." (PSR – 27.) Unlike Mr. Espinoza-Romero's immediate compliance with law enforcement, spike strips had to be deployed on the roadway to stop Mr. Perez-Gomez and Mr. Delacruz. *Id.*

As a result of their efforts to toss the methamphetamine out of the car while trying to evade police, police were only able to recover about 2.6 of the estimated five pounds of methamphetamine that was obtained in Arizona. However, for purposes of sentencing, Mr. Espinoza-Romero was held to account for the full five pounds from the original transaction. *Id.*

Before his entanglement with Mr. Perez-Gomez, Mr. Espinoza-Romero had lived a largely law-abiding life. (PSR – 29-30.) His criminal history appears relatively minimal. As a young man, he was convicted of driving under the influence, as well as other misdemeanors relating to driving without a valid license. *Id.* In more recent years, Mr. Espinoza-Romero was placed on felony probation for possession of a controlled

substance in two separate cases. (PSR – 30.) The first conviction for possession of a controlled substance was based on methamphetamine residue scrapings found inside glass pipes in his car. *Id.* Mr. Espinoza-Romero's second conviction of possession of methamphetamine involved only a "small bag" of the drug that was found on his person. (PSR – 31.) None of this history indicated that Mr. Espinoza-Romero had engaged in violent crime or had possessed large quantities of drugs. (PSR – 30-31.)

The remaining record of Mr. Espinoza-Romero's past also reflects that his conspiracy conviction is largely an aberration when compared to the broader narrative of his life. Leonardo Espinoza-Romero was born in Phoenix, Arizona. He lost both his father and his older brother at an early age—when he was only about 8 years old. (PSR – 32.) This left Mr. Espinoza-Romero and his family in strained economic circumstances. His mother took him and his surviving brother, Jesus, to Mexico following these devastating losses. Despite the financial strain, Mr. Espinoza-Romero was surrounded by family for his childhood and early teens and was raised in what appears to be a mostly stable home.

As soon as Mr. Espinoza-Romero turned 15, he left school to work full-time. (PSR – 32-34.) Three years later, upon becoming legally an adult, he returned to the United States and to his hometown of Phoenix. (PSR – 32.) From his earliest jobs to his most recent employment, Mr. Espinoza-Romero has taken on difficult jobs to make his living. He has worked construction, landscaping, agricultural work, and—most recently—in a cheese manufacturing plant. (PSR – 34.) In fact, Mr. Espinoza-Romero was employed at the cheese factory up until the point of his arrest on the charges in this case. *Id.*

Mr. Espinoza-Romero came to Idaho to work on a dairy farm when he was 20 years old. (PSR – 32.) This was when his personal struggles with methamphetamine began: it was a co-worker who first introduced him to the drug. And Mr. Espinoza-Romero soon became addicted. *Id.*

The record in this case reflects that Mr. Espinoza-Romero was cooperative with the government in disclosing facts relating to his limited role in the alleged conspiracy. During the change of plea hearing, and within the written plea agreement, Mr. Espinoza-Romero made

detailed admissions to key facts surrounding his involvement in the alleged conspiracy. (2 – ER - 23-24, 49-51.)

Based on this record, the presentence report in this found that "The defendant meets the criteria set forth in paragraphs (1)-(5) of subsection (a) of §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases)." (PSR – 28.) The report also noted that Mr. Espinoza-Romero had accepted responsibility for his role in the alleged criminal conspiracy through the entry of his guilty plea. *Id.*

Regarding sentencing options for the district court, the report again reiterated that Mr. Espinoza-Romero "appears to meet the criteria set forth in 18 §§ 3553(f)(1)-(5)" and that, therefore, "the Court may impose sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." (PSR – 34.)

The sentencing recommendation provided to the district court similarly endorsed the conclusion that Mr. Espinoza-Romero met the criteria for safety valve relief given his history and his admissions made in connection with the plea in his case. (PSR - 50.) Moreover, the report

also recommended that the court impose sentence on Mr. Espinoza-Romero "at the low end of the guideline range". *Id.*

In the government's sentencing memorandum, the government concurred, "with the Probation Officer's guidelines calculation with one exception—the Defendant is not safety valve eligible due to his choice not to provide a safety valve proffer under USSG § 5C1.2(a)(5)." (2 – ER – 12.) This position was reiterated at a later point in the memorandum:

> The Government concurs with the Probation Officer's determination of the Defendant's sentencing guidelines except for safety valve eligibility. The Defendant has chosen not to provide the Government all information the Defendant has concerning the offense prior to the sentencing hearing and as required by USSG § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5). Thus, the Court must sentence the Defendant to at least a 120-month sentence. This results in a drug

(2 – ER - 15)

At the sentencing hearing, the district court adopted the reports findings as its own at the sentencing hearing. (2 – ER - 64) After noting that the presentence report indicated that Mr. Espinoza-Romero met the criteria for safety valve relief, the court turned its attention to the government. The following exchange is the total record in this case

regarding the court's consideration of whether Mr. Espinoza-Romero qualified for relief under 18 U.S.C. § 3553(f):

```
            Mr. Booker, has Mr. Espinoza-Romero truthfully
provided the Government the information and evidence
concerning his offense under Section 5C1.2(a)(5)?
            MR. BOOKER:  He has not.
            THE COURT:  Thank you.
            Because Mr. Espinoza-Romero has not provided the
Crawford information under subsection (5), I find that he does
not meet the criteria under 5C1.2(a).
```

(2 – ER - 65)

Based on this brief discussion with the prosecution, and without seeking any additional information or asking for a response from Mr. Espinoza-Romero, the trial court concluded that the safety valve provisions of 18 U.S.C. § 3553(f) did not apply to this case so as to eliminate the application of the mandatory minimum sentence that would otherwise apply to Mr. Espinoza-Romero's offense. *Id.*

The district court thereafter sentenced Mr. Espinoza-Romero to 120 months' incarceration. (2 – ER - 72-73.) Mr. Espinoza-Romero appeals this holding by the district court.

## STANDARD OF REVIEW

This Court reviews a district court's legal interpretation of the guidelines de novo, its application of the guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error. *United States v. Scheu*, 83 F.4th 1124, 1126 (9th Cir. 2023); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007). Where a defendant claims to be eligible for relief under the safety valve provisions of 18 U.S.C. § 3553, a "district court must provide its reasons for applying or declining to apply the safety valve provision." *United States v. Bastidas*, 658 Fed.Appx. 878, 880 (9th Cir. 2016) (internal quotation omitted). A trial court's legal error in determining that a defendant is ineligible for safety valve relief is grounds to vacate a defendant's sentence and remand the case for resentencing. *See, e.g., Bastidas*, 658 Fed.Appx. at 880; *Mejia-Pimental*, 477 F.3d at 1108.

## ARGUMENT

**This Court should vacate Mr. Espinoza-Romero's sentence because the trial court erred in its determination that the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. 5C1.2(a) did not apply**

### 1. General legal standards

During Mr. Espinoza-Romero's sentencing hearing, the primary issue that the district court had to resolve was whether the safety valve provisions contained at 18 U.S.C. § 3553(f) and U.S.S.G. 5C1.2(a) should apply to his case. These provisions provide an exception to the application of a mandatory minimum sentence for certain types of drug offenses, provided that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f). *See, e.g., United States v. Salazar*, 61 F.4th 723, 726-27 (9th Cir. 2023). The exception provided for individualized sentencing for certain defendants under this state and rule is known as a "safety valve" provision or safety valve relief. *Id.* This Court summarized the policies and procedures of safety valve relief as follows:

Congress enacted § 3553(f) to rectify an inequity in the drug sentencing system, whereby more culpable defendants who could provide the Government with new or useful information about drug sources fared better than lower-level offenders, such as drug couriers or "mules," who typically have less knowledge. The safety valve remedies this situation by requiring the sentencing court to disregard the statutory minimum in sentencing nonviolent drug offenders who played a minor role in the offense and who have made a good-faith effort to cooperate with the government.

To that end, § 3553(f)(5) of the safety valve creates a "tell all you can tell" requirement: the defendant must provide, prior to sentencing, all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation. The phrase "all information and evidence" is quite broad. There is no limit placed on the type of information that must be provided. For example, such information includes details concerning other parties to the crime, such as the source who provided defendant with the drugs and other persons in the chain of distribution, if known. If the defendant does not possess such information, 'he at least should communicate that fact to the government in order to qualify for the reduction.

**A proffer can be written or oral because the safety valve allows any provision of information in any context to suffice, so long as the defendant is truthful and complete**. Where a fact relevant to sentencing is disputed, the district court must provide the parties a reasonable opportunity to present information to the court. And the district court must provide its reasons for applying or declining to apply the safety-valve provision.

*Salazar*, 61 F.4th at 727 (cleaned up) (emphasis added).

However, the requirement to provide known, relevant information to the government differs materially from a separate ground for a reduction in sentence: the provision of "substantial assistance to authorities" pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e). *See, e.g.,* *United States v. Shrestha*, 86 F.3d 935, 939-40 (9th Cir. 1996). "The safety valve statute is not concerned with sparing the government the trouble of preparing for and proceeding with trial, as is § 3E1.1, or, as explained *infra*, with providing the government a means to reward a defendant for supplying useful information, as is § 5K1.1. Rather, the safety valve was designed to allow the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who have made a good-faith effort to cooperate with the government." *Id.* (cleaned up).

Moreover, while the initial burden is on the defendant to show, by a preponderance of the evidence, eligibility for safety valve relief, that burden does not remain with the defendant upon making this initial showing. *Shrestha*, 86 F.3d at 940. "Once [the defendant] has made this

showing, however, it falls to the Government to show that the information [the defendant] has supplied is untrue or incomplete." *Id.*

2.      **The district court erred in failing to make adequate inquiry and findings regarding the applicability of 18 U.S.C. 3553(f) and U.S.S.G. 5C1.2(a), and in finding that Mr. Espinoza-Romero did not qualify for safety valve relief**

In this case, despite a presentence investigation report that indicated Mr. Espinoza-Romero qualified for safety valve relief, the district court found this provision didn't apply based on both an inadequate inquiry into the facts and upon a potential misapprehension of the legal standards for relief.

Under the plain language of 18 U.S.C. § 3553(f), any proffer of information made by the defendant can qualify for purposes of the statute-this includes both oral and written statements. Even statements or information provided at the sentencing hearing itself qualifies. *See, e.g., United States v. Real-Hernandez*, 90 F.3d 356, 360-61 (9th Cir. 1996). As noted above, Mr. Espinoza-Romero made fairly detailed and extensive factual admissions as part of his entry of a guilty plea in this case. This, taken together with the absence of any record setting out what (if any)

additional information had not been provided, is sufficient to meet the initial showing that Mr. Espinoza-Romero qualified for safety valve relief.

No particular degree of formality is required for the requirement that a defendant make a full disclosure of relevant information:

> A proffer can be written or oral because the safety valve allows any provision of information in any context to suffice, so long as the defendant is truthful and complete.

> Where a fact relevant to sentencing is disputed, the district court must provide the parties a reasonable opportunity to present information to the court. And the district court must provide its reasons for applying or declining to apply the safety-valve provision.

*United States v. Salazar*, 61 F.4th 723, 727 (9th Cir. 2023) (cleaned up).

Because there was a factual and legal dispute within the record regarding the applicability of the safety valve provisions in Mr. Espinoza-Romero's case, the trial court was obligated to provide both parties with a "reasonable opportunity to present information to the court." *Id.* While a full-blown evidentiary hearing is not required in every case, the district court at the very least must allow both sides a meaningful opportunity to present their positions and argument.

That did not occur in this case. The trial court engaged in a truncated and one-sided discussion of the potential applicability of safety valve relief. The court merely asked the government if Mr. Espinoza-Romero has "truthfully provided the information and evidence concerning his offense under Section 5C1.2(a)(5)?", to which the government replied with three words "He has not." (1 – ER – 10.) There was no further discussion regarding the factual context in the case, and no attempt to either clarify why the government felt Mr. Espinoza-Romero's factual disclosures were deficient or to provide him an opportunity to respond. Following this brief interaction, the district court then found that Mr. Espinoza-Romero did not meet the criteria for safety valve relief because he had not, "provided the Crawford information under subsection (5)". (1 – ER – 10.)

This same statement leads to a second potential abuse of discretion on the part of the district court. It is unclear from counsel's review what precisely the district court meant in its finding that Mr. Espinoza-Romero had "not provided the **Crawford** information under subsection (5)." (1 – ER - 10 (emphasis added).) Counsel has attempted to identify

any applicable *Crawford* decision with direct bearing on the 18 U.S.C. § 3553(f) criteria but has been unable to locate the decision referenced by the trial court.

It may be that the district court was referencing the frequently cited Opinion in *Crawford v. Washington*[2] as it relates to the admissibility of statements of one co-conspirator against another at trial (i.e., that the statements of a co-defendant may be admissible to give context or as statements of a co-conspirator). *See, e.g., United States v. Le*, 172 Fed.Appx. 208, 209 (9th Cir. 2006) (discussing admissibility out co-conspirator's out-of-court statements under *Crawford*). If this was the case, the trial court appears to have weighed the issue of whether the information provided by Mr. Espinoza-Romero provided substantial assistance to the government, rather than whether it was a good faith, truthful, and complete disclosure. This would be legal error. *See, e.g., Shrestha*, 86 F.3d at 940.

---

[2] 541 U.S. 36 (2004).

It is irrelevant for purposes of the safety valve provision whether the information a defendant provides is admissible for purposes of another trial, whether it provides substantial assistance to the government, or even whether it is useful to the government to **any** degree. The plain text of 18 U.S.C. § 3553(f) makes clear that even providing entirely redundant information, or the inability to make additional and useful factual disclosures, does not constrain eligibility for safety valve relief. *See* 18 U.S.C. § 3553(f)(5) ("... the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.").

For the foregoing reasons, Mr. Espinoza-Romero asserts that the district court erred in its determination that he was ineligible for safety valve relief.

## CONCLUSION

Mr. Espinoza-Romero asks this Court to vacate his sentence and remand for resentencing.

Dated this 28th day of January, 2026

_/s/ Sarah Tompkins_
Sarah Tompkins
Attorney for Leonardo Espinoza-Romero

## STATEMENT OF RELATED CASES

Counsel for Defendant-Appellant Leonardo Espinoza-Romero is not aware of any related cases currently pending in this Court. *See* Ninth Circuit Rule 28-2.6, Form 17.

## CERTIFICATE OF COMPLIANCE

I am the attorney. **This brief contains 3987 words**, excluding the items exempted by Fed. R. App. P. 32(f). This includes a total of **121 words contained within visual images of text**. S*ee* F.R.A.P. 32(g). The brief's type size and typeface comply with Fed. R. App. 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32.1.

Dated this 28th day of January, 2026

s/ *Sarah Tompkins*
Sarah Tompkins
Attorney for Leonardo Espinoza-Romero

**CERTIFICATE OF SERVICE**

I certify that, on date, I electronically filed this brief with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit, and all parties will receive electronic service.

Dated this 28th[d] day of January, 2026

s/ *Sarah Tompkins*
Sarah Tompkins
Attorney for Leonardo Espinoza-Romero
226 S. Straughan Ave.
Boise, ID 83712
(509) 844-7050
sarah.tompkins@hotmail.com